# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 2501 | **DATE** | January 28, 2011 |
| **CASE TITLE** |  | Sean Bowens (R-14966) v. Randle, et al. | |

**DOCKET ENTRY TEXT**

Opinion: Defendant Michael Randle's motion to dismiss [34] is granted in part and denied in part. Plaintiff's official capacity claim against Randle is dismissed. Defendant Randle's answer as to the remaining claim is to be filed within 14 days of this order. A status hearing is scheduled for February 15, 2011 at 9:30 AM. Plaintiff's motion to reply to Defendant's motion to dismiss [39] is denied as moot, Plaintiff has filed his response (reply) in opposition to the motion to dismiss.

■[For further details see text below.]     Docketing to mail notices.

## STATEMENT

Plaintiff, Sean Bowens, an inmate at the Lawrence Correctional Center, bring this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that he was denied medical care while an inmate at Stateville Correctional Center. Presently before the Court is Defendant Michael Randle's motion to dismiss.

It is well established that *pro se* complaints are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000). In addition, when considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the Court takes the allegations in the complaint as true, viewing all facts – as well as any inferences reasonably drawn therefrom – in the light most favorable to the plaintiff. *Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000); *Bell Atlantic Corp.,* 550 U.S. 544, 555-56 (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508, n. 1, (2002)). However, some factual allegations my be "so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claims." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (quoting *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007)).

Federal Rule of Civil Procedure 8(a)(2) requires, in relevant part, that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to " give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Rule 8 reflects a liberal notice pleading requirement that focuses the 'litigation on the merits of the claim' rather than some technicality that might keep a plaintiff out of court. *Brooks*, 578 F.3d at 580 (quoting *Swierkiewicz*, 534 U.S. at 514). Alleging specific facts is not required. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007). However, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic,* 550 U.S. at 555. The plaintiff's claim must be "plausible" in that there are "enough facts to raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's allegations. *Bell Atlantic*, 550 U.S. at 556.

Plaintiff alleges that on five occasions "up to" February 8, 2009, he requested medical attention for extreme pain in his abdominal area that caused constant stomach cramps and diarrhea. On February 8, 2009, Plaintiff stopped a medical technician and explained that he was experiencing extreme pain in his abdominal area. The medical technician ignored Plaintiff's complaint and told him to submit a sick call request. Plaintiff informed the medical technician that had been

putting in sick call requests for approximately three weeks.

On February 11, 2009, Plaintiff was seen by Dr. Zhang. Dr. Zhang, in agreement with a policy of inaction as to inmates' medical needs, told Plaintiff not to worry and to drink plenty of water. Plaintiff continued to suffer extreme abdominal pain and on February 18, 2009, Dr. Zhang ordered blood tests. The blood test showed Plaintiff was suffering from a bacterial infection. Plaintiff's grievance regarding the lack of proper medical care was denied.

Plaintiff alleges that he was denied proper medical attention because of the policy of performing the least amount of medical care as possible to inmates resulting in the denial of adequate medical care. Plaintiff further alleges that Michael Randle, the Director of the Illinois Department of Corrections during the relevant time period, knew of this policy and "turn[ed] a blind eye" to it, allowing it to continue.

Defendant argues that Plaintiff has failed to plead personal involvement to hold him liable in his individual capacity.

Individual liability under the Civil Rights Act requires a defendant's personal involvement in the alleged constitutional violation. *See Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003). Furthermore, a supervisory official cannot be held liable for the conduct of his subordinates based on a theory of respondeat superior, and a complaint's allegations must indicate that the supervisory official was somehow personally involved in the constitutional deprivation. *See Perkins v. Lawson*, 312 F.3d 872, 875 (7th Cir. 2002). Although direct participation is not required, there must be at least a showing that the individual acquiesced in some demonstrable manner in the alleged constitutional violation. *See Palmer*, 327 F.3d at 594.

Plaintiff argues that Randle's review of his grievance constitutes sufficient personal involvement by Randle in the violation of his constitutional rights. However, when Randle reviewed the grievance, in November of 2009, Plaintiff's medical condition had already been addressed. Thus, his review of the grievance does not amount to his personal involvement in the alleged denial of medical care.

However, Plaintiff also alleges that Randle was aware of the policy in place of performing the least amount of medical care as possible to inmates resulting in the denial of adequate medical care. Plaintiff alleges that Randle was aware of the policy and allowed it to continue, resulting in Plaintiff being denied adequate medical care. This allegation of a systemic problem in the prison and Randle's knowledge of the problem and lack of action to correct it, sufficiently pleads an individual liability claim against Randle. *See Antonelli v. Sheahan*, 81 F.3d 1422, 1428-29 (7th cir. 1996).

Randle also argues that any official capacity claim bought against him is barred by the Eleventh Amendment. Generally, the Eleventh Amendment's sovereign immunity clause bars a suit in federal court against a state or its agencies unless the state consents to suit in federal court or Congress uses its powers under the Fourteenth Amendment to abrogate the state's immunity. *Pennhurst v. Halderman*, 465 U.S. 89, 100 (1984). Section 1983 does not override a state's Eleventh Amendment immunity, and a state is not a person within the meaning of Section 1983. *Quern v. Jordan*, 440 U.S.332, 350 (1979); *Will v. Michigan Department of State Police,* 491 U.S. 58, 64 (1988). In addition, a suit against a state official in his or her official capacity is not a suit against the official; but, rather, it is deemed a suit against the official's office and, thus, is no different from a suit against the State itself. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985) (*Graham*). Accordingly, Plaintiff's claim against Director Randle, a state official, in his official capacity, is barred by the Eleventh Amendment.

For the foregoing reasons, Defendant Randle's motion to dismiss [34] is granted in part and denied in part. Plaintiff's official capacity claim against Randle is dismissed.